```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION



PATENT ENFORCEMENT GROUP, LLC,          3:11-CV-925-BR
an Oregon Limited Liability
Company,
                                        OPINION AND ORDER
          Plaintiff,

v.

CHASSIS TECH, LLC, an Arizona
Limited Liability Company;
STREET PROS, INC., a dissolved
California Corporation; JOSEPH
F. MARECEK, a California
resident; SOUND CONCEPTIONS,
INC., a New Jersey
Corporation; JOHN BOBSON, an
Oregon resident d/b/a
Mercedeswheels.com; METRA
ELECTRONICS, a Florida
Corporation; TPI TECH, INC., a
Florida Corporation; ELECTRIC
LIFE, INC., an Illinois
Corporation; and MICRO ALARM
SYSTEMS, INC., a California
Corporation,

          Defendants.
```

1 - OPINION AND ORDER

**BROOKS FRANKLIN COOPER**
2300 S.W. First Avenue, Suite 101
Portland, OR 97201
(971) 645-4433

    Attorney for Plaintiff

**JOSEPH A. MOHR**
Mohr Intellectual Property Law Solutions PC
522 S.W. Fifth Avenue, Suite 1390
Portland, OR 97204-2137
(503) 336-1214

    Attorneys for Defendants Chassis Tech, LLC, Sound
    Conceptions, Inc., TPI Tech, Inc.

**JOSEPH C. EDMONDSON**
Law Offices of J. Curtis Edmondson
15490 N.W. Oak Hills Drive
Beaverton, OR 97006
(503) 701-9719

**PETER A. HAAS**
522 S.W. 5th Avenue, Suite 1390
Portland, OR 97204
(503) 319-3024

    Attorneys for Defendant Micro Alarm Systems, Inc.

**BROWN, Judge.**

    This matter comes before the Court on Defendant Micro Alarm System, Inc.'s Motion (#33) to Dismiss and/or Transfer to the Central District of California. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

    On August 4, 2011, Plaintiff Patent Enforcement Group, LLC

2 - OPINION AND ORDER

(PEG) filed its Complaint (#1) for patent infringement under 35 U.S.C. § 271 as the assignee of the rights to U.S. Patent No. 6,711,856 ('856 Patent), which covers a device known as a "Door Opener Assist Device."  Plaintiff alleges each of the Defendants, including Micro Alarm Systems (MAS), by means of manufacture, sale, and use have "infringed and continue to infringe directly or under the doctrine of equivalents; have induced and continue to induce others to infringe; and/or have committed and continue to commit acts of contributory infringement of one or more of the claims of the '856 patent."  Plaintiff seeks damages and declaratory and injunctive relief.

Plaintiff asserts this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 on the basis of a federal question arising under the United States Patent Act, 35 U.S.C. § 1, *et seq*.  Plaintiff also asserts this Court has personal jurisdiction over each Defendant on the following grounds:

> This Court has *in personam* jurisdiction over Defendants because they conduct business within Oregon, the forum state, and have committed acts of patent infringement in this District.  Defendants advertise and interactively sell the infringing product on their websites alleged above, the website EBAY.com, the website AMAZON.COM and/or advertise in print media or periodicals distributed in Oregon or on broadcast media receivable in Oregon.
>
> Each defendant has systematic and continuous contacts with the State of Oregon and has purposefully availed itself the privilege of conducting activities in Oregon

3 - OPINION AND ORDER

> by soliciting and/or conducting business transactions in Oregon.

On September 26, 2011, MAS filed its Motion (#33) to Dismiss for lack of personal jurisdiction and/or, in the alternative, to transfer venue to the Central District of California. Plaintiff did not file a response. On October 17, 2011, the Court issued an Order (#35) in which it noted the lack of a response by Plaintiff and advised the parties that the Court took the matter under advisement on that date.

## STANDARDS

When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). If the court makes a jurisdictional decision based only on pleadings and any affidavits submitted by the parties and does not conduct an evidentiary hearing, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498

4 - OPINION AND ORDER

(9th Cir. 1995)). When determining whether the plaintiff has made a *prima facie* showing, the court must assume the truth of uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). When a court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the court must resolve factual conflicts in the parties' affidavits in favor of the plaintiff. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003). *See also Elec. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

The district court applies the law of the Federal Circuit rather than the law of the regional circuit to determine whether the district court has personal jurisdiction over the defendant in a patent-infringement case. *Avocent Huntsville Corp. V. Aten Intern. Co. Ltd.*, 552 F3d 1324, 1328 (Fed. Cir. 2008)(citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.1995)). Personal jurisdiction over a nonresident defendant is proper only if the forum state's long-arm statute confers personal jurisdiction and the exercise of jurisdiction comports with federal due-process standards. *Patent Rights Protection Group, LLC v. Video Gaming Tech., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010)(citing *Red Wing Shoe Co, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998)). "Oregon's long-arm

5 - OPINION AND ORDER

statute confers jurisdiction to the extent permitted by due process," which collapses these two requirements into an analysis of whether personal jurisdiction is fair and reasonable consistent with the constitutional law of due process.  *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990)(citing Oregon Rule of Civil Procedure 4L).  *See also Elec. for Imaging*, 340 F.3d at 1350.  In other words, maintenance of the lawsuit cannot offend "traditional notions of fair play and substantial justice."  *Synthes v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009)(quoting *Internat'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

A court's personal jurisdiction over a particular defendant is proper either as "general" or "specific" personal jurisdiction.  *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003).  A federal court has general jurisdiction when a state's long-arm statute confers jurisdiction or when a defendant's contacts with the forum state are "continuous and systematic . . . even when the cause of action has no relationship with those contacts."  *Id.* (citing *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984)).  If a defendant's contacts with the forum are not continuous and systematic but are "isolated and sporadic," specific jurisdiction may lie if the plaintiff's claim "arises out of" or "relates to" the defendant's contacts with the forum

6 - OPINION AND ORDER

state and due-process requirements are satisfied. *Silent Drive*, 326 F.3d at 1200 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).

### MAS'S MOTION (#33) TO DISMISS AND/OR TRANSFER

MAS moves this Court to dismiss Plaintiff's claims against it on the ground that the Court lacks personal jurisdiction over MAS. MAS contends the Court does not have general jurisdiction because MAS has not maintained continuous and systematic contacts with Oregon. MAS also contends it has not had sufficient contacts with Oregon to provide a basis for specific jurisdiction. In the alternative, MAS moves the Court to transfer this matter to the Central District of California.

As noted, Plaintiff did not file any response. Because the Court relies on Plaintiff's Complaint and MAS's supporting Declaration by Ken Wilson, the Court must assume as true all uncontroverted allegations in Plaintiff's Complaint and those allegations need only make a *prima facie* showing of jurisdiction to survive MAS's Motion. *See Doe,* 248 F.3d at 922.

### I. Personal Jurisdiction.

In support of its Motion, MAS offers the Declaration of Ken Wilson, General Manager of MAS, and accompanying Exhibits.

#### A. Jurisdictional Facts.

As noted, Plaintiff asserts in its Complaint that this Court

7 - OPINION AND ORDER

has both general and specific jurisdiction over each Defendant based on Defendants' alleged business activities in the State of Oregon related to the sale, manufacture, or use of infringing devices.

Wilson establishes in his Declaration that MAS (1) does not own any real or personal property in Oregon; (2) does not have any bank accounts, trust funds, certificates of deposit, or other similar instruments in Oregon; (3) does not have any office, established place of business, or other facility in Oregon; (4) does not rent or lease any real property in Oregon; (5) has not had employees attend a trade show in Oregon; (6) maintains an internet website that is "passive" or "neutral" in that the site only displays MAS's goods and does not permit online sales or orders through the site; (7) does not sell to consumers but instead sells only to wholesalers and retailers; (8) has not had employees travel to nor maintained salespersons in Oregon to conduct or to solicit business for any of the allegedly infringing products; and (9) has not targeted any person or entity specifically in Oregon to sell any of the allegedly infringing products.

With respect to MAS's sale of allegedly infringing products, Wilson attests (1) MAS first purchased a "Door Popper" device from an outside vendor in June 2000; (2) MAS has sold a "Door Popper" device of consistent design, configuration, and

8 - OPINION AND ORDER

construction since June 2000; (3) MAS advertised its "Door Popper" for the first time in a print catalog published in late 2000; and (4) MAS has sold a total of 99 "Door Poppers" since 2000 to wholesale or retail entities in Oregon for a total of about $1,000.

### B. General Jurisdiction.

Plaintiff alleges in its Complaint that this Court has general jurisdiction over MAS even though Plaintiff does not specify that MAS has established a presence in Oregon sufficient to establish general jurisdiction. MAS contends it has only had sporadic contacts with Oregon, and those contacts are not sufficient to establish that the Court has general jurisdiction over MAS.

General jurisdiction is a high standard based on a defendant's substantial and continuing contacts with the forum state sufficient "to approximate physical presence" there. *See N. Am. Phillips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578 (Fed. Cir. 1994). "Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation." *Helicopteros*, 466 U.S. at 414.

Neither the Supreme Court nor the Federal Circuit has

"outlined a specific test to follow when analyzing whether a defendant's activities within a state are 'continuous and systematic.'" *Synthes*, 563 F.3d at 1297. Instead "a court must look at the facts of each case to make a particular determination." *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

As noted, MAS's only contacts with Oregon consist of its sale of 99 "Door Poppers" to wholesalers or retailers over the course of almost twelve years for a total of less than $1,000 in sales. This fact does not support a finding that this Court has general jurisdiction over MAS because it does not establish MAS has a presence in the forum, that MAS has a systematic basis for conducting its business in Oregon, or that MAS has continuing obligations in Oregon such as contractual obligations with Oregon residents.

As also noted, however, MAS maintains a general website. In *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, the Federal Circuit noted several courts have held defendants with a general website that is not directed at the residents of the forum state "does not by itself show any persistent course of conduct" by those defendants in that particular forum. 395 F.3d 1275, 1281 (Fed. Cir. 2005)(citing *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000)). The Federal Circuit also noted several courts have suggested that a

10 - OPINION AND ORDER

"highly interactive, transaction-oriented website" as opposed to a passive, information-only website might support a finding that a court has general personal jurisdiction over a defendant when customers can do business entirely through the website. *Id.* The Federal Circuit, however, has not embraced the position that any website, passive or active, establishes general jurisdiction. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 883-84 (Fed. Cir. 2008). Because MAS's website does not facilitate sales of "Door Poppers" but only describes them and allows general access to MAS's contact information without specifically targeting Oregon residents, this Court concludes MAS's website is not sufficient to support a finding that this Court has general jurisdiction over MAS.

In summary, the Court concludes on this record that MAS's contacts with Oregon are not sufficient to establish that this Court has general personal jurisdiction over MAS.

**C.   Specific Jurisdiction.**

As noted, the lack of general jurisdiction over MAS does not end the inquiry.  Plaintiff also alleges MAS's contacts with Oregon are sufficient to establish that the Court has specific jurisdiction over MAS.  A defendant's sporadic and isolated contacts with a forum may be sufficient to establish a court's personal jurisdiction over a defendant if the case arises out of or relates to those contacts.  *Silent Drive*, 326 F.3d at 1200.

11 - OPINION AND ORDER

Under this rationale "even a single contact with a forum state may suffice for [specific] personal jurisdiction if it is directly and substantially related to the plaintiff's claim." *Red Wing*, 148 F.3d at 1359.

For purposes of determining whether a court has specific jurisdiction over a defendant, the Federal Circuit considers three factors:  Whether "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) personal jurisdiction is reasonable and fair."  *Elec. for Imaging*, 340 F.3d at 1350.

MAS contends Plaintiff has not made a *prima facie* showing sufficient to satisfy the test for specific jurisdiction.

### 1. Purposeful Availment of the Forum.

MAS concedes it sold 99 "Door Poppers" to wholesalers and retailers in Oregon since 2000.  MAS, however, contends it has not had sufficient contacts with the forum to meet the first prong of the specific jurisdiction test for purposeful availment because it has not directed any advertising to or conducted any marketing activities in Oregon and has not had any other direct contacts with the forum.

The Supreme Court held in *World Wide Volkswagen Corp. v. Woodson*:

> [I]f the sale of a product of a manufacturer
> or distributor . . . is not simply an

12 - OPINION AND ORDER

> isolated occurrence, but arises from the
> efforts of the manufacturer or distributor to
> serve directly or indirectly, the market for
> its product in other States, it is not
> unreasonable to subject it to suit in one of
> those States if its allegedly defective
> merchandise has there been the source of
> injury to its owner or to others.  The forum
> state does not exceed its powers under the
> Due Process Clause if it asserts personal
> jurisdiction over a corporation that delivers
> its products into the stream of commerce with
> the expectation that they will be purchased
> by consumers in the forum State.

444 U.S. 286, 297-98 (1980).  The Federal Circuit has addressed the Supreme Court's "stream-of-commerce" test and has applied it in the context of intellectual-property cases.  *See, e.g., Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566-68 (Fed. Cir. 1994)(canvases numerous cases from the Federal Circuit, concludes the "stream-of-commerce" test applies in patent-infringement cases, and concludes the court has jurisdiction even when a foreign manufacturer does not have a license for doing business in the forum, does not have any direct sales, nor any assets, employees, or agents for service of process in the forum because the manufacturer purposefully shipped products through a distribution channel with the expectation that the products would be sold in the forum).  *See also Nuance Comm'n, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1233-34 (Fed. Cir. 2010)(found the court had jurisdiction based on similar facts).

13 - OPINION AND ORDER

Here even though MAS's sales have not amounted to significant revenue, MAS has made more-than-sporadic direct sales to Oregon retailers and wholesalers in anticipation that the allegedly infringing products would be sold to customers in Oregon. The Court finds such conduct is sufficient to constitute purposeful availment of this forum.

### 2. Arising out of or Relating to MAS's Forum Contacts.

Without elaboration, MAS asserts its sale and distribution of 99 "Door Poppers" in the forum does not satisfy the second element of the test for specific jurisdiction.

In *Nuance Communications* the Federal Circuit concluded the accused infringer "purposefully imported the accused products into California, made those products available for sale through an established distribution chain, and the cause of action for patent infringement is alleged to arise out of these activities. No more is required for specific jurisdiction." 626 F.3d at 1234.

The Court concludes on this record that Plaintiff's claims against MAS clearly arise out of and relate to MAS's sale of the allegedly infringing product in this forum.

### 3. Reasonable and Fair to Assert Jurisdiction.

MAS also contends it would be unfair and unreasonable to subject it to this Court's jurisdiction. The Court must

consider the following five factors to determine whether this third prong is satisfied:

> "(1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive policies." [*Synthes*, 563 F.3d at 1299](citing *Burger King*, 471 U.S. at 477, 105 S. Ct. 2174). These factors may "render jurisdiction unreasonable" despite the presence of minimum contacts. *Burger King*, 471 U.S. at 477, 105 S. Ct. 2174.

*Touchcom, Inc. v. Bereksin & Parr*, 574 F.3d 1403, 1417 (Fed. Cir. 2009). MAS argues it would be it would be unfair and unjust to subject it to this Court's jurisdiction because MAS and its offices, witnesses, and documents are located in California nearly 1000 miles from the District of Oregon, and Plaintiff has delayed bringing this matter until 2011 even though the '856 Patent was issued in 2004. MAS's argument, however, only defeats specific jurisdiction in rare circumstances. *See Nuance Comm'n*, 353 F.3d at 1231 ("[D]efeats of otherwise constitutional personal jurisdiction are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.")(internal quotations omitted)(citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.

15 - OPINION AND ORDER

1995)).  This is not one of those rare cases.  MAS is defending this lawsuit in a neighboring jurisdiction with which it admittedly does business.  MAS's documents can be brought to this District easily enough in digital form if the amount of documents at issue is voluminous and the production of same is cost-prohibitive.  Furthermore, Plaintiff may take depositions of MAS witnesses in a location convenient to MAS, and the Court can take testimony by remote means if necessary.

The State of Oregon shares the interest of other states in ensuring that its citizens are not harmed by nonresidents through patent infringement.  Plaintiff has chosen Oregon as a convenient forum to resolve a dispute with numerous Defendants from several jurisdictions across the country as far away as Florida.  Dismissing MAS and forcing piecemeal litigation between two separate jurisdictions would not promote an efficient resolution of this dispute.

Ultimately the Court does not find any compelling basis to conclude that it would be unfair or unreasonable to subject MAS to this Court's jurisdiction in light of the finding that MAS is lawfully subject to the Oregon long-arm statute without any violation of the Due Process Clause.  In light of the foregoing, the Court concludes it has personal jurisdiction over MAS in this matter.

**II.   Transfer Venue.**

In the alternative, MAS requests the Court to transfer this matter to the Central District of California.  Neither Plaintiff nor the other Defendants in this matter have taken any position on this Motion.

Transfers of venue between the federal courts is governed by 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "This statute partially displaces the common law doctrine of *forum non conveniens*.  Nonetheless, *forum non conveniens* considerations are helpful in deciding a § 1404 transfer motion."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)(citations omitted).  Whether to grant a motion to transfer is within the discretion of the district court and depends on "a case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

When deciding a motion to transfer venue, a court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum."  *Id.  See also Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995).  Traditionally courts have recognized a "strong presumption" in favor of a plaintiff's choice of forum and placed

17 - OPINION AND ORDER

the burden on the moving defendant to "make a strong showing of inconvenience" in order to upset the plaintiff's choice. *Id.*

    A.    **Public-Interest Factors.**

The public-interest factors the Court must consider include

> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in conflicts of law.

*Creative Tech.*, 61 F.3d 696, 703-04.

MAS concedes these factors weigh equally in favor of the public interests in this District and the Central District of California. The Court agrees.

    B.    **Private-Interest Factors.**

The private-interest factors the Court must consider include

> (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing witnesses; (3) possibility of viewing subject premises; [and] (4) all other factors that render trial of the case expeditious and inexpensive.

*Id.* at 703.

MAS contends these factors favor a transfer to the Central District of California. MAS contends in relevant part:

> [Plaintiff] has not pled that any of the

18 - OPINION AND ORDER

>   infringing products are located in this
>   jurisdiction. Nor is there any indication
>   that PEG purchased any of the products and
>   had them shipped to Oregon to determine if
>   these alleged products infringed.  (See
>   Complaint, § 13, stating in part
>   "advertisement and interactively selling, but
>   no allegations of actual sales").  The
>   Defendants are based in Arizona, New Jersey,
>   California (3),  Florida (2), and Illinois.
>   The one alleged Oregon defendant "John Bobson
>   dba mercedeswheels.com" has not made an
>   appearance nor has service been obtained.
>   (See Docket).  There would be little
>   prejudice to the Defendants to move this
>   matter to the Central District of California.

Essentially MAS relies on a failure by Plaintiff to respond to MAS's alternative Motion to Transfer as grounds for justifying the transfer of this matter.  As noted, there is a strong presumption in favor of a plaintiff's choice of forum, and a defendant must make a "strong showing of inconvenience" to upset that presumption.  MAS has merely argued with little elaboration that a transfer to the Central District of California would not inconvenience the other parties.  MAS, however, has not provided any evidence of the nature of the inconvenience of this forum beyond noting the distance between MAS's California offices and Portland, Oregon.  For example, MAS has not shown the bulk of the physical or documentary evidence is located in California and that it would be a burden to bring to Portland, that there are hostile witnesses in California who are not subject to this Court's compulsory process, that MAS will call numerous witnesses who would bear a significant burden if they had to travel to

19 - OPINION AND ORDER

Portland, etc.

The Court finds on this record that MAS has not satisfied its substantial burden to overcome the presumption in favor of Plaintiff's choice of forum despite Plaintiff's failure to respond to MAS's Alternative Motion to Transfer.  Accordingly, in the exercise of its discretion, the Court denies MAS's alternative Motion to Transfer this matter to the Central District of California.

## CONCLUSION

For these reasons, the Court **DENIES** MAS's Motion (#33) to Dismiss and/or Transfer to the Central District of California in its entirety.

IT IS SO ORDERED.

DATED this 3rd day of January, 2012.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER